UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LAMAR COUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-CV-49-TAV-CHS |
| | ) |
| CHET O. CRASS, K. HORDBROCK, | ) |
| and SHAWN PHILLIPS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate, filed a complaint for violation of 42 U.S.C. § 1983 arising out of various events during his TDOC confinement [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address Plaintiff's motion [Doc. 1] before screening his complaint [Doc. 2].

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As Plaintiff cannot pay the filing fee in one lump sum, his motion [Doc. 1] is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly

income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum opinion and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee. This memorandum opinion and order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's

2

right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

On one occasion, Defendant Crass violated TDOC policy by refusing to schedule a barber to come into the unit every 30 days [Doc. 2, pp. 3–4]. Defendant Crass also violated TDOC policy by moving Plaintiff into a cell with an inmate who was sick, even though unspecified prison officials knew the inmate was sick [*Id.* at 4]. Plaintiff states that this was punishment, that unspecified prison officials denied him medical care, and that he did not eat for four days after catching the illness from his cellmate [*Id.*].

Plaintiff later wrote a grievance stating Defendants Crass and Hordbrock violated TDOC policy and his basic human rights, but when Plaintiff received the grievance back, his requested solution was marked out, which he states violated the grievance process [*Id.*].

Defendant Crass then "depriv[ed] [Plaintiff] of [his] safety" and denied Plaintiff "the only remed[y] they can offer" [*Id.*].

Plaintiff also requested protective custody on numerous occasions, but no one responded or did a status check or inquiry [*Id.*].

3

Additionally, on multiple occasions, Defendant Hordbrock violated TDOC policy and Plaintiff's right to grooming and hygiene by depriving him of a shower for three to five days [*Id.*].

Plaintiff twice notified Defendant Warden Phillips of the harm to his psychological wellbeing without a valid penological purpose [*Id.* at 5].

Plaintiff has sued Unit Manager Chet O. Crass, Correctional Officer Hordbock, and Warden Shawn Phillips [*Id.* at 1, 3]. As relief, Plaintiff requests compensation, to be treated equally, and a transfer [*Id.* at 6].

**C.     Analysis**

The Court liberally construes Plaintiff's complaint to assert claims arising out of (1) the denials of haircuts and showers to Plaintiff; (2) the denial of an effective grievance procedure; (3) Defendant Crass's failure to protect Plaintiff from a sick inmate; (4) Plaintiff's allegations that he was denied safety and protective custody; and (5) Defendant Warden Phillips's failure to remedy Plaintiff's complaints regarding his psychological wellbeing. But while Plaintiff categorizes several of these claims as violations of TDOC policy, any such policy violation is not actionable under § 1983. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 322 (6th Cir. 2023) ("Alone, the failure to follow an internal policy does not give rise to a deliberate indifference claim." (citing *Griffith v. Franklin Cnty.*, 975 F.3d 554, 578 (6th Cir. 2020))). Accordingly, the Court will now address whether any of Plaintiff's claims plausibly allege a violation of § 1983.

### 1. Haircuts and Showers

As set forth above, Plaintiff alleges that Defendant Crass once did not bring in a barber during a 30-day period, and, on several occasions, Defendant Hordbrock denied him showers for 3 to 5 days in a row [*Id.* at 4]. It is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). As such, only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted).

Plaintiff's allegations regarding the denials of access to a barber and showers for three to five days at a time do not rise to the level of a constitutional violation. *Brown v. Brown*, 46 F. App'x 324, 325–26 (6th Cir. 2002) (finding that the plaintiff's allegation "that he was unable to purchase personal hygiene and toiletry items for several months because of the hold on his account . . . did not demonstrate a condition of confinement that falls beneath the minimal civilized measure of life's necessities" (citing *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001))); *Baggett v. Fuson*, No. 3:14-CV-2366, 2015 WL 328348, at *4 (M.D. Tenn. Jan. 23, 2015) (providing that the plaintiffs' allegation that they were denied haircuts amounted to only "a minor inconvenience or discomfort, neither of which rise to the level of an Eighth Amendment violation" (citing *Rhodes,* 452 U.S. at 347)); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (finding no constitutional violation where inmate alleged that he was denied "toilet paper, soap, toothpaste, toothbrush, running water, [and] the ability to shower for six days").

Accordingly, these allegations are **DISMISSED**.

### 2. Grievances

Plaintiff's allegation that his requested solution on his grievance was marked out [*Id.*] also fails to state a claim upon which relief may be granted under § 1983. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"). Accordingly, this claim is also **DISMISSED**.

### 3. Failure to Protect

As the Court takes judicial notice that Plaintiff is a convicted prisoner,[1] his claim that Defendant Crass placed him in a cell with an ill inmate [*Id.*] falls under the Eighth Amendment. *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 599 (6th Cir. 2025) ("Corrections officers must protect convicted prisoners from harm under the Eighth Amendment, and they must protect pretrial detainees from harm under the Due Process Clause.") (citation omitted). The Eighth Amendment's prohibition on "cruel and unusual punishment . . . imposes duties" on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). One such duty requires prison officials to "take reasonable measures to guarantee the safety of" prisoners. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984)). To state a plausible claim for violation of this right, Plaintiff must set forth facts indicating that Defendant Crass knew of and disregarded a substantial risk of serious harm to him. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (providing that a prisoner's

---

[1] https://foil.app.tn.gov/foil/search.jsp (last visited Nov. 4, 2025); *Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

6

Eighth Amendment claim requires him to show "that he is incarcerated under conditions posing a substantial risk of serious harm" that the defendant was aware of and disregarded) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 834, 837 (1994)).

As set forth above, Plaintiff alleges in his complaint that unspecified prison officials knew that the individual in the cell to which Defendant Crass moved him was ill. But notably, Plaintiff does not allege or set forth any facts suggesting that Defendant Crass knew that the inmate was ill and therefore posed a risk of harm to Plaintiff, as required to state a plausible Eighth Amendment claim arising out of this incident against this Defendant. *Id.* Without such facts, Plaintiff has failed to "nudge[] [this claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, it is **DISMISSED**.

### 4. Safety and Protective Custody

As set forth above, Plaintiff also alleges that Defendant Crass denied him safety and an unspecified remedy, and that unspecified prison officials failed to respond to or check on his requests for protective custody [*Id.*]. However, Plaintiff's allegation that Defendant Crass denied him safety is formulaic and conclusory, as Plaintiff does not set forth any facts to support this assertion from which the Court can plausibly infer that Defendant Crass violated his constitutional rights. *Id.*; *Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's allegation that prison officials denied his requests for protective custody are likewise conclusory, and Plaintiff does not allege or set forth facts suggesting that any named Defendant personally denied his requests for protective custody. As such, this protective custody allegation also fails to plausibly allege a violation of

7

§ 1983 against any named Defendant. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

### 5. Letters to Warden Phillips

Plaintiff's last allegation is that he twice wrote Defendant Warden Phillips about the alleged harm to his psychological wellbeing [*Id.* at 5]. However, even if the Court assumes that this Defendant did not respond to or remedy Plaintiff's complaints after Plaintiff sent those two letters, this is insufficient to allow the Court to plausibly infer that Defendant Warden Phillips violated Plaintiff's constitutional rights. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *Iqbal*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"). As such, this allegation is also **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE